The undersigned have reviewed the order based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon careful reconsideration of the evidence as a whole, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner with some minor technical modifications. Neither party here requested the Full Commission to receive further evidence or to rehear the parties or their representatives. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
Accordingly, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties as
STIPULATIONS
1. As aforementioned, all stipulations contained in the Pre-Trial Agreement are received into evidence.
* * * * * * * * * * *
Based upon the competent and convincing evidence adduced at the hearing, the undersigned make the following additional
FINDINGS OF FACT
1. On February 17, 1995, Jim Capel was employed as a substitute bus driver for the defendant. Mr. Capel had a duty to control student conduct on the bus. Mr. Capel had a duty to operate the bus in a safe manner.
2. On February 17, 1995, Mr. Capel had to operate a school bus during rainy conditions. Mr. Capel was primarily focused on the road conditions. He was secondarily focused on the behavior of the children on the bus.
3. At 3:33 p.m. on February 17, 1995, plaintiff was riding on the school bus operated by Mr. Capel when and where he became the victim of a brutal attack. Mark Bowden hit plaintiff as he sat in a seat directly behind the plaintiff. Plaintiff reached over to strike Mark Bowden. Al Cagel and Mark Bowden started striking the plaintiff at the same time. Al Cagel violently kicked and beat plaintiff about his face and body while plaintiff lay on the floor of the bus. The bus driver immediately stopped the bus and broke up the fight.
4. No Montgomery County Board of Education official and/or agent had any prior knowledge of any prior confrontations involving plaintiff and the other students who attacked plaintiff on the bus.
5. Mr. Capel was unaware of any problems between the plaintiff and any of the students involved in the attack. The bus driver had no reason to suspect that any of the students on the bus would violently attack the plaintiff. Mr. Capel did not hear any student yell that plaintiff was going to get jumped.
6. Prior to the attack, the students on the bus violated numerous bus regulations. Students violated bus regulations by changing seats while the bus was moving, by throwing objects, and by setting a paper towel on fire.
7. The setting of the towel on fire and the smoke it produced was not observed by sight or smell by the bus driver. No student including the plaintiff notified Mr. Capel of this incident. The fire was visible for only seconds on the videotape.
8. The students tried to time the throwing of objects such as paper and lotion when the bus driver was watching the road. The students could observe when Mr. Capel was looking in the mirror at their activities. Mr. Capel did see one piece of paper being thrown by a student.
9. Mr. Capel knew or should have known that students were standing up and moving to other seats while the bus was in operation during the twenty-eight minutes preceding the attack on the plaintiff. Mr. Capel saw plaintiff come from the back of the bus up to the third seat on the front and to his left while the bus was in operation. Mr. Capel knew that a group of students moved up to the front of the bus immediately following plaintiff's decision to move to the front of the bus.
10. Plaintiff did not run to the front of the bus nor did the plaintiff seek assistance for help from the bus driver. Plaintiff and the students who followed him to the front of the bus did not engage in an exchange of words that could be heard by Mr. Capel or that would have given notice to Mr. Capel that a fight was about to break out.
11. Mr. Capel took no steps to discipline the students for getting out of their seats while the bus was moving.
12. However, the attack and injuries inflicted on plaintiff by Mark Bowden and Al Cagel were not reasonably foreseeable by Mr. Capel or any other agent and/or official of the Montgomery County Board of Education. The fact that there were rules violations does not bear a direct relationship in and of itself to the "foreseeability" element.
13. Mr. Capel's decision to allow the plaintiff to go home alone after the violent attack did not proximately cause any injury to plaintiff.
14. The damages suffered by the plaintiff were not proximately caused by any negligent act or omission of the bus driver or any other agent and/or official of the Montgomery County Board of Education.
* * * * * * * * * * *
The foregoing findings of fact engender the following
CONCLUSION OF LAW
1. There was no negligence on the part of any named agent or official of the Montgomery County Board of Education while acting within the scope of his or her office, employment, service, agency, or authority which proximately caused plaintiff an injury, and plaintiff is thus entitled to no damages. N.C. Gen. Stat. § 143-291 et seq.
* * * * * * * * * * *
Based upon this conclusion of law, the Full Commission have determined there exists no basis for amending the order. Accordingly, the foregoing stipulations, findings of fact, and conclusion of law engender the following
ORDER
1. Under the law, plaintiff's claim must be, and the same is HEREBY DENIED.
2. Each side shall bear its own costs.
IT IS FURTHER ORDERED that this case shall be REMOVED from the Full Commission docket.
This the __________ day of ___________________, 1997.
 S/ _________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _________________ DIANNE C. SELLERS COMMISSIONER
S/ _________________ THOMAS J. BOLCH COMMISSIONER
JHB/nwm 01/30/97